Our final case for today is case number 417-0229, the people of the state of Illinois versus Anthony Meads. For the appellant, we have Ms. Harris and for the appellee, we have Mr. Manchin. You may proceed, counsel. I am Jessica Harris. On behalf of the Office of the State Appellate Defender, and I represent Mr. Anthony Meads. Mr. Anthony Meads was denied his right, his statutory right, to a speedy trial in this case because his attorney answered ready for trial on August 30, 2017, and the state appellate's trial was set on October 17, 2016. Anthony recognizes that courts have held that answering ready for trial is insufficient to constitute an oral demand for trial on the record when a speedy trial term has begun. However, the facts in this case are different, and in this case, the fundamental principles of fairness show that when counsel answered ready for trial, she was answering ready for trial because she wanted a speedy trial, because her client wanted a speedy trial. If this court disagrees that how that answering ready for trial incident is sufficient to be an oral demand on the record, then counsel, in this case, was ineffective for not properly preserving Anthony's right to a speedy trial. Counsel's performance was deficient because as soon as the circuit court received this court's remand, Anthony's speedy trial term started. He had expressed wanting to proceed by way of a speedy trial, and his attorneys were aware of that, given that he had sent letters to the court, and those letters were seen by counsel as well. And it was not counsel's strategy not to object to the delay in this case, because she filed a motion to dismiss on speedy trial grounds on day one's warning. The filing of the motion in this case shows that counsel wanted to preserve Anthony's right to a speedy trial, but her ineffectiveness for deficient performance lies in the fact that she merely answered ready for trial. And if this court doesn't decide to take a different avenue and find that answering ready for trial is sufficient, then her performance in this case was deficient. And how was he prejudiced? Your Honor, he's prejudiced because had counsel adequately demanded trial, objected to the state's delay... Would the state have been able to get a sooner trial date? That's possible, but then either Anthony's right to a speedy trial would have been preserved because he would have received a trial within 120 days, or if the state, as it suggests, was unable to get its witnesses before the court, also because the prosecutor was unavailable, then there's a chance that he was prejudiced because the charges would have been dismissed. So there's prejudice in either way that the court looks at it here. Either Anthony was prejudiced because his attorney didn't properly protect his statutory right to a speedy trial by only answering ready for trial. And had she objected, had she noticed that the trial date was set outside of that term, then she had a duty to bring that to the court's attention. She could have filed a motion to advance the court date, to bring that to the court's attention. It was on her to do that, and it was her deficient performance that prejudiced Anthony because had he would, had she would have preserved his right, then either the state would have been forced to get its ducks in a row, make sure that its five eyewitnesses that it needed for this trial were ready, and he would have then had his trial within his 120-day term. So I think... Counsel, to demonstrate prejudice, do you agree that your client has to show that the trial would have occurred outside the 120-day speedy trial period if his right to speedy trial had been preserved? If his right to speedy trial had been preserved, Your Honor, can you repeat the question? Does your client have to establish that, had counsel not neglected to maintain his right to a speedy trial, that the trial would have taken place outside of the 120 days? Not in this case, Your Honor, because counsel had a duty to make sure that the demand, that the state requesting the October 17th counsel had a duty at that time to say that the trial was outside of those 120 days. Right, but what I'm saying, and maybe let me make sure I'm asking this correctly, what I'm saying is let's assume that his right to speedy trial was preserved. In order to show prejudice, doesn't he have to show that had it not, had it been preserved, the state would not have been able to get him to trial within his 120 days? In this situation, Your Honor, I think that Anthony can show prejudice either way. He can show prejudice by showing that he would have had his trial within those 120 days. Okay, but don't you have to show that he would not have had his trial within the 120 days, that the state would not have been able to get him to trial within the 120 if his counsel had not objected? And I think we can show that based on this record because the state asked for the date outside of the 120 day window because those witnesses weren't available. The delay in this case was not attributable to Anthony because he answered ready for trial. The state needed additional time to collect its witnesses. So there is a reasonable probability with the facts that we have here that the trial would not have occurred within those 120 days. Because as the state points out, when it's requesting on August 30th, the October 17th date, it is specifically requesting that date. It is not requesting that date just because it's a date on the calendar that looks good. It's requesting that date because it knew that it had to collect these witnesses and that the prosecutor assigned to the case was not available until the week of October 17th. I think, okay, until that week. And so we're looking at a trial date being set about six weeks in advance. That's correct. And we've all been trial judges and dealt with these situations. Six weeks is a lot of time to get people together and to get your witnesses. Witnesses have been procured in much less time if feet are held to the fire. So I'm just a little concerned about your argument that you can show that the state could not have met their burden to get him to trial within 120 days. I understand your concern, Your Honor, but the state answered ready for trial on August 30th. The state answering ready for trial on August 30th suggests that it wouldn't be able to obtain a continuance if it was answering ready for trial. How could the state both say that it's ready for trial, but then also say that it needs time to collect its witnesses? So I disagree with Your Honor. I think that the record does show here that Anthony would not have received his trial within 120 days because of counsel's deficient performance. But there was an opportunity at the trial level for all of these things to be moralized. That is, there was demands for trial, there was the court looking at its calendar, making court settings, and defense counsel is there with his client. You make the objection. You've got six weeks. Every day you could file a pleading objecting to the setting of a date outside the period. It's as if the defendant, counsel, sat on their hands, and now you come forward with this argument. It seems to me the court has an ability to set its trial calendar. It did so. No further objection was made. Case was tried. Bad result. Here we are. But that's precisely the reason why counsel's performance was deficient, Your Honor, because she answered ready on August 30th. She was ready to go. Even if she wasn't assigned assistant defender to try the case, her supervisor, whoever made the motion, who filed that motion to dismiss, they had a duty prior to filing that motion to dismiss to bring the delay to the court's attention so that Anthony's right to a speeding trial would have been preserved. Because counsel failed to do that in this case, her performance was deficient, and that deficient performance prejudiced Anthony. Anthony was denied his statutory right to a speeding trial. He wanted a speeding trial 120 days following the circuit court's receipt of this court's remand. He was not given his right. His right to that speeding trial was not preserved because his counsel was ineffective. If Your Honors have no further questions, I move on to my second argument that Anthony was denied a fair trial in this case because the trial court improperly committed clear error when it did not ask the jurors whether it understood and accepted the four principles outlined in Rule 431B and when it commingled all four principles and asked the jurors whether they understand those principles and would agree to follow the law. Illinois Supreme Court Rule 431B requires trial courts to determine whether jurors understand and accept the four principles. The trial court asked the jurors in this case whether they understood the principles and whether they would follow those principles. The definition of accept, Your Honors, is to recognize the truth and validity of those principles. To merely follow those principles does not get to the same concern of the Supreme Court as recognizing the truth and the validity of those principles. These are four bedrock principles of our law, and the Supreme Court has determined that the specific language that must be used when determining whether these jurors are biased is whether they understand and accept. The trial court in this case erred when it did not ask the jurors whether they would accept it, and I would also note that the State has conceded clear error in this argument and has only challenged the closeness of the evidence.  First, it erred by not asking the jurors whether they accepted these four principles. And second, it erred because it co-mingled the four principles. You know, counsel, when it comes to the terminology involved, it would seem that the word follow would be even more beneficial to the defendant than the word accept because a juror could accept the principle in terms of internally recognizing the validity of that principle and yet not agree to follow it. By saying that he or she would follow that principle, they not only are accepting the principle, they're promising that they will apply it in their decision-making. Is that correct or incorrect? I disagree, Your Honor. Accept encompasses more than to follow. Accept is accepting the truth and validity of the principle. But if you don't follow it, what happens? If the jurors were not to follow the principle, then I agree, there would be some problem. But that's not what the Supreme Court asked the trial court to do in this case. The trial courts have been instructed to ask whether they accept. The phrase accept encompasses accepting the truth and validity of a statement and the willingness to follow that principle. So it's accept follow, it's accept plus. We need that extra, it's follow plus. We need follow plus the understanding that the jurors would recognize the truth and validity of the principle. Because I think just, Your Honor, if the jurors just agree to follow that, that's not really getting to the heart of Zayer. The heart of Zayer is whether these jurors sitting on the jury have moral biases within them that will prevent them from being fair to my client. Asking the jurors whether or not they will merely follow the law, not asking them whether they accept the fundamental truth of these principles did not get to the issue that the Supreme Court found in Zayer. And furthermore, Your Honors, the court erred when it commingled all four of the principles. The committee comments for Rule 431 say that the new language that was after Zayer was intended to ensure compliance with Zayer. And I'm quoting here, it seeks to end the practice where the judge makes a broad statement of the applicable law followed by a general question concerning the jurors' willingness to follow the law. In this case, the court made a broad statement of the law and then asked the jurors whether they understood and agreed to follow. I understand that... Wait a minute, let's talk about the word broad. The other case you just referenced was talking about a general sweeping statement about the law, whereas the court, and we can look to Wilhite, maybe you can explain to me how to interpret that decision of this court, but the court basically asked the Zayer principles, all of them, which is the law, and then asked if they'd follow. Your Honor... Not a statement, not a diatribe, actual principles. That's correct, Your Honor, but courts have held, and I will address Wilhite, that commingling the principles is not correct. In Wilhite, this court found that collapsing the four principles into one statement of the law was not clear error. However, this court, when making that decision, relied on the case of People v. McCovens I. That case supported the Wilhite finding that commingling is okay. However, after the Supreme Court's case in People v. Thompson, Thompson ordered the McCovens court to reconsider its decision, so McCovens released a second opinion, McCovens II, and in that opinion, that is where the trial court in McCovens II, I'm sorry, the appellate court in McCovens II, held that the trial court failed to abide by the question and answer process and just provided the jury with a broad statement of the law. I understand that in this case we don't have extra things, we don't have the discussion of a schedule when we're talking about... Well, let's get back to Thompson. We talked about that in the remand that was based on Thompson and the McCoven case, but in Thompson, we're dealing with a situation where the trial court failed to address one of the four principles, just completely left it out, right? That's right. And we don't have that here. We do not. And is there anything in Thompson that requires the court to address each principle individually? There is nothing in Thompson that says that they have to, but cases that have interpreted Thompson have held that it is required for the, for example, the court in Peeble v. Hayes held that the trial court's admonishments were not compliant because the court collapsed the three principles. That was in 2011. And what district is that? That was the first district, I believe, in Congress. So we would not be required to follow that? That's correct, but I would suggest that you do, because these principles, putting these, commingling these four principles, that's taking a bunch of lay jurors, putting them in front of the judge, and the judge just goes through four principles. Now, put you or I in front of that judge, and we'd be able to follow like that. But you put a juror in front of the court who has no experience in this before, and he is supposed to be able to be given an opportunity to respond to each of those four principles. The trial court in this case did not give those jurors an opportunity to respond to each of the four principles, which is precisely what the Supreme Court wants the trial court to give these jurors an opportunity to do. The trial court giving these principles to the juror in just one broad statement of the law, of the broad four principles of the law, followed by that request to follow the law, is precisely what the committee comments in Illinois Supreme Court Rule 431b asked the courts not to do. And that's exactly what happened in this case. And so for that reason, Your Honors, we have shown that the trial court has committed error in this case, both because the trial court failed to ask the jurors whether they accept the principles, and because the trial court commingled the four principles. Anthony, if this court finds that the trial court committed clear error, the evidence in this case was closely balanced. The evidence in this case was closely balanced because the jury deliberated for about four and a half hours before it came to the court and said we are unable to come to a decision. So at that point, the court gave a print instruction. The print instruction shows in this case that the evidence was closely balanced because the jurors were unable to come to a decision. I would also point, Your Honor, to the very first opinion in this case, where this court also noted that the evidence in this case was close. I do believe that Anthony has shown at least that the evidence in this case was close. Moreover, this is a case of witness credibility, where the jurors were charged with weighing the credibility of five eyewitnesses, none of whom saw Anthony at the scene until after the shooting. And the only person that places Anthony at the scene is Anthony. And so the credibility issue, the witnesses are looking at the credibility of both eyewitnesses and Anthony Stevens. It's a close case in this case, Your Honor. The evidence here is closely balanced. And because we have shown error, we would ask the court reverse and remand for that purpose. If the court is not, we would also ask under Krankel that the court reverse and remand for a new Krankel inquiry. Before you get into Krankel, this may seem disconnected, a question relative to the strength of the case. Was a .45 caliber bullet removed from the victim's heart? Yes. In what form did that evidence come in? Was that by stipulation or was that through a witness? Do you remember? I do not. I apologize. I can follow up with you on that. Okay. That's fine. Thank you. Krankel. Thank you. This court, if this court disagrees with our other arguments, we would ask that it remand for a Krankel inquiry because at the very least, Anthony showed that it was possible that his attorney neglected his case. And that would be the precise reason that this case needs to go back for a Krankel inquiry so we can learn whether or not counsel was attempting to preserve her client's right to a student trial or not. And furthermore, the trial shall come into error in its Krankel process when it fails to address all of Anthony's claims, and address the merits of Anthony's claims, instead of just deciding whether to appoint counsel in the state and properly participate in it. For all of those reasons, Your Honors, Anthony requests this court either reverse remand or remand for Krankel case. Thank you. Thank you, counsel. Mr. Manchin. Can you please report, counsel? In this case, there was no speedy trial violation, and no ineffective assistance of counsel regarding the speedy trial. The state, in this case, requested a date within 120 days. The trial judge says, if we start on that date, we're going to have to have the jury held over the weekend because there's not going to be enough time to have this trial held, heard in that week. So I'm going to set it over for the following Monday, which happens to be day 125. At that point, the defense counsel had made no demand for trial and made no objection to the court's setting the trial for beyond 120 days. There's simply neither a violation of the speedy trial term because the statute expressly provides delays shall be considered to be agreed to by the defendant unless he or she objects to the delay by making a written demand for trial or an oral demand for trial on the record. Period. There was no objection and no written or oral demand for speedy trial on the record. So the five-day delay beyond the speedy trial term was agreed to by the defendant and there's simply no speedy trial violation. There's also no ineffective assistance of counsel. Counsel could simply have agreed with the court's assessment, I don't want the jury held over the weekend, I don't want this case split into two separate weeks for a trial. We also have the problem that had an objection been made and the defendant assisted on the October 17th day, the trial could have been held. There's no showing that the trial could not have been held within the 120 days. It could have been held within the 120 days as requested by the state. So there's simply neither a speedy trial violation nor any ineffective assistance of counsel because you cannot show either that counsel was effective by not objecting nor can you establish prejudice here. You also have the problem that even if the defendant had objected, there's a possibility that by statute the state can get an extension of 120 days to find a witness. So it had an objection been made and closure of the trial, these witnesses are still not found, the state would have been able to get a continuous under that statute for the 120 days. So there's simply neither a speedy trial violation nor any objective of the unreasonable conduct on the part of defense counsel to agree to a five-day delay rather than having the trial held in two separate weeks. So the defendant's claim regarding the speedy trial and ineffective assistance of counsel should simply be rejected because there was no speedy trial violation under the statute which requires an objection and a demand. Otherwise, a continuous or delay shall be agreed to by the defendant. So the five-day delay here has to be considered, agreed to by the defendant so there's no violence in the statute and there's no ineffective assistance of counsel in not objecting to Day 125 given the circumstances of the need to find the witnesses plus the fact that if he objected and it was held on Day 117, you've got the problem of a jury sitting there over a weekend waiting for the, during a breaking trial. With regards to the Zayder violation, the defendant has clearly waived any claim of error. The defendant made no objection during the court year to the trial court's formulation of the questions, made no objection in their post-trial motion saying that the trial court's conduct was invalid. I think the defendant should be held to that waiver. The defendant's sole claim is based on a, at most a technicality that the trial judge said, do you understand and follow rather than the exact language, do you understand and accept.  I think that if you do not parrot the exact language, understand and accept, the courts are going to look at that unfavorably. But I think that in the circumstances of this case, that rule should not, well, that should not be applied. The trial court's conduct through the ordeal, and there's no problem under Wilhite and other cases that I've briefed with asking a compound question regarding these four principles. There is no prohibition saying there are these four general principles of law. Juror one, do you understand and accept. Jurors two, do you understand and accept those four principles. The problem in the defendant's case was that the trial judge included the four general principles in law with a whole laundry list of other principles and rules regarding the conduct of the trial and then asked the general question, can you follow those rules. He did not specifically address the four questions, the four principles in his general question. That was why the compound question was found to be bad because it was lumped together with a whole slew of other admonitions. Whereas here, we have the trial court specifically limiting his questioning of principles to these four principles. He does not omit any one of the four principles. He then asks the jury, do you understand and can you follow those. I think that that is sufficient to show that in this case, the defendant was not prejudiced. It was not subject to a violent jury that did not understand or accept the principles. That's especially true when you look at the voir dire conducted by both the state and by the defendant, where they go into detail regarding these four principles. And the prosecutor even asks the jury, will you follow these even if you do not agree with them? I think that even though the exact language understand  here was sufficient to enable the judge to know, yes, this jury gets it. This jury knows the principles, will apply them, and has no qualms with them. It's not going to be convicting the defendant because he does not agree with any of these principles. The only way you can get to the defendant's claim is if you find a plain error based on the closeness of the case. And I submit that this is not a close case. Given the tenor of the questions of this, the evidence is not so close. And you have to presume that there's error based upon the phrasing of the court's question in this case. Now, with respect to the cradle, the trial judge did not have the luxury of having this court's decision in Roddice, where it says you can't consider the merits. But in Roddice, this court's held, the trial court can conclude that an effective assistant claim lacks merit. It does not require assistant appointment of counsel. When the court determines that the defense has an effective assistant claim, it is one, conclusory. Two, misleading. Three, legally immaterial. Four, pertaining solely to an issue of trial's term. The trial court's rulings fall within that definition of Roddice. And what paragraph was that that you were citing, Counselor? Do you have it? If you don't, don't worry about it. It won't take a lot of time. I think it's in the agreement. Yeah, that's fine. I know it is. That's fine. But I did not copy that particular. No problem. I can find it in about 30 seconds. I believe that was paragraph 65 of this court's rule. OK, thank you. Where it set out the four places where you can find a claim lacks merit. Well, the defendant's allegations, one of them was a speedy trial allegation. And the trial court says, there's no speedy trial violation, so there can't be no ineffective assistant counsel. That is a ruling saying that the defendant's claim is contrary to the records. So it's binding on the merits as proper of Roddice. The claim that the counsel was ineffective for not objecting to jurors, two numbered jurors, I believe it was 140 and 147. That was in the defendant's brief in the defendant's motion. There were no such jurors, 140 and 147. He had the numbers completely wrong. The judge could reject it on that basis alone. Plus, if the only two jurors that come close to the numbers, there's no showing of any reason the counsel would have been required to use any kind of challenge to those jurors. Because they knew nothing about the case, knew nothing about the people, had no preconceptions about anything. And plus, the decision whether to accept or reject a jury is a matter of trial strategy. So the trial court's rejection of the claim of ineffective assistance based on jury selection is within Roddice because the record shows that his claim of ineffective assistance is contrary to the record. And it goes to a matter of strategy. So the trial court's rejection is perfectly consistent with Roddice. How about the allegedly inconsistent testimony of the witnesses as between the two trials? That's a matter of strategy. So the trial court could just dismiss that as a matter of strategy. Because the decision of what evidence present what questions are asked is clearly a matter of strategy. And did the trial court state that as its reason for doing so? I do not recall any specific reference to the trial court to that particular issue. I do know that the trial court asked the defendant to flesh out his contentions in his letter to the court explaining what his claims of ineffective assistance were. And when the defendant was fleshing out his complaints, he made no mention at all about the differences in testimony between the two trials. So that kind of goes to the complaint that the defendant is making about the trial court not inquiring about every single complaint he had in the written document, I'm assuming. Yeah, that goes to the complaint. But there has never been anything in any of the critical decisions that says that the trial court has to address every single one of the defendant's issues individually. The trial court can simply state, I find that there is no showing of, the defendant's not made the showing of a possible neglect of the case. Therefore, we don't account for it. And here, the defendant, when given the opportunity to explain, didn't even address every single complaint that he had made in writing. That's correct. He was given the opportunity. And as far as the state's attorney's participation, the case law says that the prosecutor's participation should be the defendant's. Here, the only participation was one of the issues raised by the defendant was regarding a statement the defendant had made. And the court said, what in the heck is the? The video. About the video. Yeah. What is the video? And the prosecutor said, the defendant gave a statement in another county, and that statement was brought in by agreement of the parties. It was not brought in by agreement of the parties. That's his only participation. He expressed no opinion as to the merits of the defendant's claims, no opinion as to whether or not counsel was ineffective or not, no opinion whether or not that particular matter should have been brought up or not. And it was a Romanian county interrogation video. That's correct. And in Cleels, the second district paragraph said, we can envision a situation where the state may be asked to offer concrete and easily verifiable facts that are critical here. I think this followed the prosecutor's minimal participation falls within that realm. So I submit that the trial court complied with the requirements of Crankle. And as far as the requirement that the court ask the defendant about every single one of his claims, Crankle and his progeny says that the court can decide this question by asking the defendant or asking the defendant and his attorney or based upon the trial court's own knowledge of the case. So based upon the court's knowledge of the case, he can reject the defendant's claims that regarding ineffective assistance or not pointing out inconsistencies between two different trials based solely upon the fact that that goes to a matter of strategy and judgment without specifically asking the defendant, what about these differences? So I submit that the trial court's compliance with Crankle was proper and that he did not violate his rule that established he can't consider merits because all of his rulings on the merits fall within the realm that this court says you can consider as being lacking merits. The only other objections that the defendant made in his motion was that his attorney should have bumped the alternate jury during the word here. That's immaterial. That juror never ruled on the verdict, so whether he should have been bumped or not is immaterial to the jury. That's not a problem. The only other claim is the defendant's claim that he could not see the state's PowerPoint presentation during the closing argument. Again, that's immaterial and could not have made counsel ineffective for not objecting on that basis. So I submit that the trial court properly conducted the hearing. He asked the defendant, OK, what do you have to say? He also asked the defense counsel questions. He then ruled, based upon this record, that there was no merit to the speedy trial claim because there was no speedy trial violation, that had the defendant objected to the particular closing argument, it would have been denied. Again, a finding that the record refutes the defendant's claim and that the defendant's allegations So I submit that the trial court's closing argument is correct. Thank you, counsel. Any rebuttal, Ms. Harris? Thank you. Your Honor, first I'd like to address counsel's argument that there's a reason the defense counsel wanted to delay the trial in this case so that it wouldn't get stretched out over time. There's no evidence in the record that that was why the defense counsel agreed to the delay. And moreover, the state's argument is relying on a date that the week after the speedy trial term would have ended. So in other words, the state's argument that counsel wanted to avoid the jury being exposed to this case over the weekend doesn't work in this case because those specific dates that counsel was relying on for that argument were already when it was a week after the trial's term had ended. Do you dispute what counsel said about the state asking for a date initially within the term, within the 120 days? I do not recall that from the record. My recollection of the record is that the defense counsel answered ready for trial. The state said, we're also answering ready because this is an old case. We need to gather witnesses and our prosecutor. We're asking for a date of October 17. I don't recall any other trial date being discussed by the state. And October 17 is day 125. That's correct, Your Honor. Also, I'd like to point out that the state was unable to make any showing that the state or defense counsel can rehabilitate a juror regarding the Zare principles. I don't believe that there was any authority cited for that purpose. And I think the purpose of Zare is so that the judge, that the administrator of the courtroom is giving these jurors these principles. It's not so the defense counsel and the state can determine that. There's no authority cited by the state to show that the state or the defense counsel could rehabilitate the jurors regarding the Zare issue. Moreover, sorry to go back to speedy trial. I apologize for the distractment. But the state also argues that it would have been able to get a continuance. I would just like to point out one last time that the state answered ready for trial on August the 30th. Because the state answered ready for trial on August the 30th, that shows that it could not have gotten a continuance, that it was up against some issues with these witnesses and with this prosecutor. And it answered ready. Asked for that specific trial date, because that was the date it knew that it could get ready. And for that reason, we ask that this court reverse the name. Thank you, counsel. We'll take this matter under advisement and be in recess at this time.